**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4679

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CYNTHIA SCOTT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (CR-02-1358)

Submitted:  August 31, 2006        Decided:  September 21, 2006

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Janis Richardson Hall, Greenville, South Carolina, for Appellant. Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Cynthia Scott appeals her conviction for conspiracy to possess with intent to distribute crack cocaine and her resulting sentence. Counsel has filed an Anders v. California, 386 U.S. 738 (1967) brief and Scott has filed a supplemental brief. The Government elected not to file a reply brief. The only issue raised by counsel is whether the district court erred in denying Scott's Fed. R. Crim. P. 29 motion for judgment of acquittal arguing that there was insufficient evidence to support the conviction. We affirm.

This court reviews the denial of a Rule 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Alerre, 430 F.3d at 693 (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). The court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be

- 2 -

established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). This court "may not weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). We have reviewed the record and find that there was sufficient evidence to support the conviction.

Scott filed a supplemental brief arguing that she should not have received a harsh sentence, that she lied in her statement to police, and that one of the witnesses implicating her was not credible. We find these claims without merit. We deny Scott's motion to remand for resentencing and grant the Government's motion to dismiss the motion to remand. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Scott's conviction and sentence. This court requires that counsel inform Scott, in writing, of the right to petition the Supreme Court of the United States for further review. If Scott requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Scott. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED